2018R00053/COH/SD/fk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Crim. No. 19-468 (JBS) |
| ANTHONY PEPE, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF |
| Defendant. | : | FORFEITURE AS TO SPECIFIC PROPERTY |
| | : | (FINAL AS TO THE DEFENDANT) |

WHEREAS, on or about July 1, 2019, the United States filed a one-count Information (the "Information"), which charged defendant Anthony Pepe with, conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841 and (a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846;

WHEREAS, on or about July 1, 2019, pursuant to a plea agreement with the United States, defendant Anthony Pepe pleaded guilty to the Information;

WHEREAS, pursuant to 21 U.S.C. § 853, a person convicted of conspiracy to distribute and possession of controlled substances with intent to distribute, as alleged in the Information, shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the said offense and any and all property used or

intended to be used in any manner or part to commit and to facilitate the commission of the offense;

WHEREAS, in the plea agreement and pursuant to 21 U.S.C. § 853, defendant Anthony Pepe agreed to forfeit to the United States all of his right, title and interest in approximately $3,669.00 in United States Currency, seized on or about June 26, 2018 (the "Specific Property");

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Anthony Pepe:

(1) Consents to the forfeiture to the United States of the Specific Property as property constituting or derived from any proceeds obtained directly or indirectly as result of the offense charged in the Information, to which the defendant has pleaded guilty;

(2) Agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) Agrees to consent promptly upon request to the entry of any

2

orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Property;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a result of the defendant's conviction of the conspiracy to distribute and possess controlled substances with intent to distribute as charged in the Information, pursuant to 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in approximately $3,669.00 in United States Currency

(the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. The entity with custody of the Specific Property is hereby ordered to transfer custody to the United States Marshals Service or its designee.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Anthony Pepe, shall be made part of the sentence of defendant Anthony Pepe, and shall be included in the judgment of conviction therewith.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact Information for the government attorney to be served with the petition. The notice shall also state

that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

8. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

9. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 1st day of July, 2019.

_____
HONORABLE ROBERT B. KUGLER
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

CRAIG CARPENITO
United States Attorney

*s/ Christina O. Hud*
_____
By: CHRISTINA O. HUD
Assistant United States Attorney

Dated: June 27, 2019

_____
ROCCO C. CIPPARONE, JR., ESQ.
Attorney for Defendant Anthony Pepe

Dated: 7/1/19

_____
ANTHONY PEPE, Defendant

Dated: 7/1/19

6